IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:18CR00212-001 |
| v. | ) | |
| | ) | Sentencing Date: January 11, 2019 |
| TENGIZ T. SYDYKOV, | ) | |
| Defendant. | ) | The Honorable T.S. Ellis, III |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, G. Zachary Terwilliger, United States Attorney; Ronald L. Walutes, Jr., Assistant United States Attorney; and Heather M. Schmidt, Senior Trail Attorney, National Security Division, and in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A (Nov. 2014), files this Position of the United States with Respect to Sentencing in the instant case. The United States asks the Court to impose a sentence within the properly calculated guidelines in this case (46 to 57 months). Such a guideline sentence appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a). The detailed statement of facts in this case is based upon a thorough investigation conducted by the Department of Homeland Security and captures the extensive illegal export of firearms and firearm parts by Sydykov and his codendant, Rezvanov. Rezvanov was sentenced to 46 months of incarceration by this Court on July 24, 2018.

## BACKGROUND

From July 5, 2015 through November 14, 2017, Sydykov and Rezvanov exported defense articles from the United States to Chechnya without obtaining the proper authorization

from the Department of State, in violation of Title 22, United States Code, Section 2778(b)(2) and 2778(c); and Title 22, United States Code of Federal Regulations, Parts 127.1(a)(1) and 123.1.   Specifically, the codefendant, Tengiz Sydykov personally acquired firearms and firearm components in the United States by making false statements on ATF Form 4473, and then selling these firearms and firearm components to others.   Sydykov sought to avoid detection by misrepresenting the contents of the exports on Customs Declaration Forms and concealing the firearms and firearm components in packages he exported from the U.S.   In return, individuals in Chechnya wired large sums of money to Sydykov's Bank of America accounts, which corresponded to the firearm and firearm component purchases he made.   Rezvanov did not have a green card and could not legally purchase firearms in the United States and accordingly did not complete any ATF Form 4473s.   Rezvanov instead purchased firearm parts over the internet using aliases, disguised the firearm parts by taping them to kitchen utensils, and misrepresented the contents of the exports on the Customs Declaration Forms.   It was packages of disguised firearm parts taped with black tape to kitchen utensils that were intercepted by the United States Postal Service and Homeland Security at the border.

Rezvanov was arrested on unrelated charges November 2016, and incarcerated for several months during which time Sydykov continued to purchase and export firearms and firearm parts.   In total, Sydykov and Rezvanov purchased, and then attempted to export, or exported from the Eastern District of Virginia and other locations within the United States, to Grozny, Chechnya, Russia, 7 full pistols, 130 assembled lower receivers, 266 firearm slides, 158 firearm barrels, 996 firearm magazines, 10 stocks, 133 firearm frames, and 453 firearm parts including springs and firing pins, all of which are designated as Defense Articles on the USML.

**ARGUMENT**

I.      **Applicable Sentencing Law**

The Sentencing Guidelines promulgated by the Sentencing Commission are advisory, although sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005). "The Guidelines require the district judge to give due consideration to the relevant sentencing range. . . ." *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion). In "the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109, 128 S. Ct. 558, 574 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350, 127 S. Ct. 2456, 2465 (2007)). Accordingly, a "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

The "'Guidelines should be the starting point and the initial benchmark,' keeping in mind that a sentencing court 'may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for reasonableness.'" *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011). Although "the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). A sentencing court, therefore, "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United*

*States*, 555 U.S. 350, 351, 129 S. Ct. 890, 891-92 (2009).

Section 3553(a) states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The court should also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

## II. A Guideline Sentence is Consistent with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Nature and Circumstances of the Offense*: Applying these sentencing factors to the facts of this case demonstrates that a guideline sentence is both appropriate and reasonable. It is also important that the defendant's sentence deter others from committing similar crimes. *See United States v. Miller*, 484 F.3d 964, 967-68 (8th Cir. 2007) ("general deterrence . . . is one of the key purposes of sentencing . . . .").

*History and Characteristics of Defendant*:

Sydykov understood he was breaking the law when he took numerous steps to hide his

identity and disguise the firearm parts he purchased in the United States and shipped to Chechnya without first obtaining an export license from the U.S. government.   Sydykov and Rezvanov both used aliases and the addresses of homes that were for sale, on their shipping labels, to hide their identity.   To disguise the firearm parts from x-ray screeners at the U.S. border, Rezvanov taped the parts to kitchen utensils before packaging them in boxes that he mislabeled as "household goods" and "plastic sheeting."   Sydykov told firearms dealers that he was operating a security business to explain the multiple purchases of the same weapon.   These actions demonstrate both defendant's awareness that they were violating the law by exporting firearm parts without a license.   Given the gravity of these illegal activities, a guideline sentence in this case would deters others who would seek to profit from illegally exporting weapons.

## CONCLUSION

For the above-stated reasons, the United States submits that a guideline sentence is appropriate and necessary to protect the community and promote respect for the law and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

/s/
Ronald L. Walutes, Jr.
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:   703-299-3910
Fax: 703-739-9556
Email Address: ron.walutes@usdoj.gov

                    /s/
Heather M. Schmidt
Senior Trial Attorney
Counterintelligence and Export Control Section
National Security Division
Department of Justice
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530
Phone:  202-233-2132
Fax:  202-532-4251
Email Address: Heather.Schmidt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2019, I electronically refiled the foregoing with the Clerk of Court correcting the case number using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Mark Schamel, Esquire
Counsel for Sydykov

And I hereby certify that I have sent the foregoing by email to the following individual:

Tracey M. White
Senior U.S. Probation Officer
Tracey_White@vaep.uscourts.gov

                    /s/
Ronald L. Walutes, Jr.
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  703-299-3910
Fax: 703-739-9556
Email Address: ron.walutes@usdoj.gov